IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-00178-MSK-MJW

CHARLIE JAMES GRIFFITH, JR.,

 Petitioner,

v.

MESSAMORE KELLY,

 Respondent.

---

**OPINION AND ORDER DISMISSING ACTION**

---

 **THIS MATTER** comes before the Court *sua sponte.*

 On May 11, 2007, this Court issued an Order to Show Cause **(# 7)**, explaining that the Plaintiff's *pro se* Complaint and/or Petition for Writ of *Habeas Corpus* violated Fed. R. Civ. P. 8 and 12(b)(6), in that it was impossible for the Court to ascertain the nature of the Plaintiff's claims or identify the grounds for the relief he requested. That Order's recitation of the relevant facts and discussion of the Court's efforts to liberally construe the Plaintiff's allegations to state a claim is deemed incorporated herein.

 The Court directed that, within 20 days of that Order, the Plaintiff file an Amended Petition that indicated: (i) whether he was presently in custody (and, if so, that he name the Warden of his facility as a defendant); (ii) whether he was currently subject to an undischarged sentence, and, if so, the details of that sentence; (iii) the prison policy or regulation that allegedly entitled him to release to a halfway house and the facts indicating that he was entitled to such

1

release under the terms of that policy or regulation; and (iv) any other facts relevant to the claims he intended to assert. The Order advised the Plaintiff that "Failure . . . to timely submit an Amended Petition that allows the Court to reasonably discern the nature of the claims he asserts may result in dismissal of this action without prejudice."

On May 23, 2007, the Plaintiff filed an Amended Complaint **(# 9)**. The Amended Complaint does nothing to clarify the nature of the Plaintiff's claims. It consists simply of a caption page, and a section entitled "Request for relief," in which the Plaintiff states: (i) that he has requested appointment of counsel; (ii) that he has a *habeas* petition pending in Colorado state court; (iii) that "The Halfway Houses and Messamore Kelly knew that this was just a simple fist fight and I was only on a two thousand dollars bond in 1995. This was racial discrimination against me; I was deprived of my constitutional rights which caused me to do fourteen years falsely in prison away from my wife, children, and family"; and (iv) that he was seeking $100 million in damages for pain and suffering, emotional distress, etc.

Even when read in conjunction with the Plaintiff's original Complaint, the Amended Complaint does not clarify the nature of the Plaintiff's claims. If anything, it only obscures the matter – it now appears that the Plaintiff may be complaining about an act of "racial discrimination" by "the Halfway Houses" and the Defendant in 1995 that led to him serving a 14-year prison sentence, whereas his initial Complaint appears to relate to an refers to some act of discrimination committed by "the half way houses" at the end of the Plaintiff's 6-year prison sentence, imposed following a trial in 1998.[1] Although the Court's Order to Show Cause

---

[1] Admittedly, the initial Complaint also refers to an "illegal sentence for more than 10 years" that the Plaintiff has served, beginning in 1995. The interplay between these 10 or 14-year sentence and the 6-year sentence only heightens the Court's confusion.

2

attempted to guide the Plaintiff in pleading his case, describing the specific types of facts he should plead depending on the type of claim he was asserting, the Plaintiff apparently has chosen not to follow that guidance. Simply put, even by the liberal standards of *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) and *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991), the Court is unable to ascertain the nature of the Plaintiff's claim or claims in this case.

Dismissal of an action is an extreme sanction, and one which should only be imposed as a last resort. However, here, the Court has already given the Plaintiff an opportunity to amend his Complaint, along with very specific guidance as to what facts he should set forth. The Plaintiff was either unable or unwilling to follow that guidance, and the Court harbors no optimism that further leave to amend the Complaint would result in a pleading sufficient to satisfy Fed. R. Civ. P. 8 and 12(b)(6). Moreover, the Plaintiff was specifically advised that failure to plead sufficient facts in his Amended Complaint could result in dismissal. Accordingly, pursuant to Fed. R. Civ. P. 8 and 12(b)(6), and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Plaintiff's Complaint and Amended Complaint are **DISMISSED** without prejudice. The Clerk of the Court shall close this case.

Dated this 16th day of April, 2008

**BY THE COURT:**

*Marcia S. Krieger*
_____

Marcia S. Krieger
United States District Judge